# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

MARTIN PETER MAYER,

v.                                          CASE NUMBER: 9:17-CV-905 (GLS/CFH)

CLINTON COUNTY, et. al.,

**Order Directing Administrative Closure
With Opportunity to Comply With Filing Fee Requirements**

Plaintiff's complaint was transferred to the Northern District of New York on August 17, 2017.

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must also be paid at the time an action is commenced, unless the plaintiff seeks in forma pauperis status. *See* 28 U.S.C. §§ 1914(a), 1915(a). The Local Rules of Practice for the Northern District of New York require all inmates seeking in forma pauperis status to submit a completed and signed In Forma Pauperis Application ("IFP Application") which includes a certification by an appropriate official at their facility regarding their inmate account balance, along with a signed Inmate Authorization Form. *See* 28 U.S.C. § 1915(a)(1), (2); N.D.N.Y. Local Rule 5.4(b)(1)(A), (B).

Here, plaintiff has not submitted an IFP Application and Inmate Authorization Form, nor has he paid the filing fee for this action.[1]

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

**WHEREFORE**, it is hereby

**ORDERED** that because this action was not properly commenced, the Clerk is directed to administratively close this action;[2] and it is further

**ORDERED** that if plaintiff desires to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either** (1) pay the full $400.00 filing fee for civil actions **or** (2) submit a completed and signed IFP Application that has been certified by an appropriate official at his facility and a signed Inmate Authorization Form; and it is further

**ORDERED** that upon plaintiff's compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff along with a blank IFP Application and Inmate Authorization Form.

**IT IS SO ORDERED**.

August 21, 2017
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[2] Plaintiff is advised that if this case is reopened as set forth herein, the timeliness of his complaint will be determined with reference to the filing date thereof. *See McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (deeming complaint to have been constructively filed upon receipt even though the filing fee requirements had not yet been complied with); *c.f. Jordan v. United States*, 694 F.2d 833, 837 (D.C. Cir. 1982) (noting that when a Rule 60(b) motion is granted, "the complaint should be reinstated as of the date it was originally filed."); *Akobardiya v. Princess Cruise Lines, Ltd.,* No. 11-cv-2921, 2012 WL 3746218, at *2 (E.D.N.Y. Aug. 27, 2012) (Rule 60(b) motion granted and case reopened where statute of limitations had since expired and claims would be untimely if action was refiled); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993) (under the prison-mailbox rule, the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court).