UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN PETER MAYER,

                          Plaintiff,

   v.                                                9:17-CV-0905
                                                       (GLS/CFH)

CLINTON COUNTY et al.,

                          Defendants.
_____

APPEARANCES:

MARTIN PETER MAYER
A209248825
Plaintiff, pro se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

      Pro se plaintiff Martin Peter Mayer commenced this civil rights action asserting claims arising out of his detention at the Clinton County Jail ("Clinton C.J."). Dkt. No. 1 ("Compl."). By Decision and Order filed on September 27, 2017 (the "September Order"), this Court granted plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See* Dkt. No. 9. In light of his pro se status, plaintiff was afforded an opportunity to

1

submit an Amended Complaint. *See id.* at 14. Presently before the Court is plaintiff's Amended Complaint. Dkt. No. 16 ("Am. Compl.").

## II.   LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the September Order and it will not be restated in this Decision and Order. *See* Dkt. No. 9 at 3-5. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III.   SEPTEMBER ORDER and SUMMARY OF AMENDED COMPLAINT[1]

In the original Complaint, plaintiff asserted claims related to deliberate indifference to his serious medical needs against Clinton County, the Clinton C.J., and the Clinton County Sheriff. *See* Compl. In the September Order, the Court dismissed plaintiff's claims holding as follows: (1) all claims against Clinton C.J. and against the Clinton County Sheriff, in his official capacity, were barred by the Eleventh Amendment; (2) plaintiff failed to sufficiently allege a widespread policy or custom related to Clinton County; and (3) plaintiff failed to plead facts suggesting that the Sheriff was personally involved in conduct that violated plaintiff's constitutional rights. *See* Dkt. No. 9.

In the Amended Complaint, plaintiff identified the Sheriff as David N. Faro and adds the following new defendants: Scott Liberty, RPA-C, Glenn Schroyer, MD, and Shannon

---

[1] The Amended Complaint includes exhibits. Dkt. No. 16-1. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Finnel, RN.[2]  *See* Am. Compl. at 1.  The Amended Complaint does not contain any claims against Clinton C.J.[3]

On January 9, 2017, plaintiff was arrested near the Canadian border by ICE/border patrol agents.  Dkt. No. 16-1 at 2.  At the time of the arrest, the agents noted that plaintiff reported that he was diabetic, but that he was not taking medication for treatment.  Id.  On January 10, 2017, during his intake at Clinton C.J., plaintiff identified himself as a diabetic.  Am. Compl. at 4, 18.  Plaintiff was scheduled for "finger stick glucose check[s] three times a day."  *Id*. at 16.

On January 13, 2017, Liberty examined plaintiff.  Dkt. No. 16-1 at 14-16.  Liberty noted that plaintiff's medical history included a stroke and controlled diabetes.  *Id.*  Liberty also noted that plaintiff advised that he was not taking any medication.  *Id.*  On January 17, 2017, Liberty reported that plaintiff displayed "increased blood sugar."  Dkt. No. 16-1 at 6.  Anti-diabetic medication was ordered.  *Id.*

On January 18, 2017, at 11:00 A.M., Finnel performed a Blood Glucose Check which indicated that plaintiff's glucose level was 425.  Am. Compl. at 2.  Finnel noted that plaintiff stated that he was allergic to "most types of insulin."  Dkt. No. 16-1 at 7.  Finnel called Schroyer who ordered a prescription "faxed" to the pharmacy.  *Id.*; Am. Compl. at 19.  Finnel did not administer insulin and did not advise plaintiff to skip lunch.  Am. Compl. at 3, 19.  Plaintiff was not called for any follow up glucose checks that day.  *Id*. at 3.

On morning of January 19, 2017, plaintiff appeared for a glucose check and

---

[2] The Clerk of the Court is directed to amend the docket and to add these defendants to the docket report for this action.

[3] The Clerk of the Court is directed to dismiss Clinton C.J. as a defendant herein.

3

complained of "stroke like" symptoms. Am. Compl. at 3, 16. Plaintiff was experiencing slurred speech, drooping facial features, numbness on his right side, and difficulties with his vision and walking. *Id.* The desk officer directed plaintiff to walk to medical where he met Liberty. *Id.* Without an examination, Liberty concluded that plaintiff did not have a stroke. Id.

On January 19, 2017, plaintiff attended a Court proceeding before Magistrate Judge Gary Favro. Am. Compl. at 5, 13; Dkt. No. 16-1 at 21. Favro ordered the US Marshal to instruct Clinton C.J. and the Sheriff to provide medical care. Am. Compl. at 5, 13, 19. On January 20, 2017, plaintiff met with Schroyer. *Id*. Schroyer did not examine plaintiff but, based upon a visual inspection, Schroyer concluded that he did not suffer a stroke. *Id*. Schroyer opined that the symptoms were the result of uncontrolled diabetes and possible diabetic neuropathy. *Id*. Schroyer did not provide any medical treatment or administer any blood tests. Am. Compl. at 5, 13, 19.

Plaintiff claims that he is permanently disabled and is required to use a cane or wheelchair. Am. Compl. at 8; Dkt. No. 16-1 at 44.

Construing the Amended Complaint liberally, plaintiff asserts the following: (1) Fourteenth Amendment deliberate medical indifference claims against Finnel, Liberty, and Schroyer; (2) claims against Clinton County for failing to supervise employees; and (3) supervisory claims against Faro, in his official capacity only. *See* Am. Compl.

## V. ANALYSIS

### A. Fourteenth Amendment

The law related to the Fourteenth Amendment and deliberate medical indifference

claims was discussed in the September Order and will not be restated herein. *See* Dkt. No. 9 at 9-10. In the September Order, the Court dismissed the claims due to plaintiff's failure to name a proper defendant. *See id.* The Court reasoned:

> In the body of the complaint, Plaintiff references unidentified nurses and doctors. *See* Compl. at 5, 27. Plaintiff does not, however, identify these individuals as defendants in the caption of his complaint, or for that matter, anywhere in the complaint. Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims). "If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case." *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007); *Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006) ("The plaintiff refers to John Doe/Jane Doe of the Correctional Managed Health Care Program and John Doe/Jane Doe Members of the Revitalization Committee in the body of the amended complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the caption of the complaint. Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them.").

Dkt. No. 9 at 11, n.5.

In the Amended Complaint, plaintiff identified the medical providers: Finnel, Liberty, and Schroyer. As discussed in the September Order, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017), altered the subjective standard for claims of deliberate indifference under the Fourteenth Amendment. *See* Dkt. No. 9 at 10. Specifically, to state a claim of deliberate indifference to medical needs under the Fourteenth Amendment, a pretrial detainee can

5

satisfy the subjective element by showing that the defendants "knew, or should have known, that the condition posed an excessive risk to health or safety." *See id.* The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment. *See Darnell*, 849 F.3d at 30. The objective component of a deliberate indifference medical claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted).

When the prisoner receives some treatment but the claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, "it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702)). The case law of this Circuit "has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (table); *see Amaker v. Coombe*, No. 96 Civ. 1622, 2002 WL 523388, at *8 (S.D.N.Y. Mar. 29, 2002) ("A delay in medical treatment does not by itself violate an inmate's Eighth Amendment rights unless the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that

6

might be alleviated through reasonably prompt treatment.") (citing cases).

At this juncture, plaintiff has adequately pleaded that he suffered from a serious medical need and that a delay in treatment resulted in a serious risk to his health to satisfy the objective component of the deliberate indifference analysis. *See Roberts v. C-73 Med. Dir.,* No. 1:14-CV-5198, 2015 WL 4253796, at *5 (S.D.N.Y. July 13, 2015) (finding that the plaintiff sufficiently plead that a brief delay in addressing his blood sugar levels resulted in "great[ ] pain and exacerbated his diabetes[ ]"); *see also Vassallo v. City of New York*, No. 15 Civ. 7125, 2016 WL 6902478, at *10 (S.D.N.Y. Nov. 22, 2016) (holding that allegations that the defendants failed, over a two day period, to provide insulin or diabetes medication were sufficiently plead to suggest deliberate indifference ).

Plaintiff claims that, for four days, defendants ignored his high blood sugar levels, failed to administer insulin, and failed to provide adequate medical treatment. As a result, plaintiff suffered "stroke-like" symptoms including slurred speech, numbness, and difficulties with his vision and walking. *See* Am. Compl. At this juncture, plaintiff has sufficiently pleaded that defendants "knew or should have known" that a delay in treatment "posed an excessive risk to his health and safety." *See Villafane v. Sposato*, No. 16-CV-3674, 2017 WL 4179855, at *22 (E.D.N.Y. Aug. 22, 2017). Thus, plaintiff's Fourteenth Amendment claims against Liberty, Finnel, and Schroyer survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

### B.  Claims Against Clinton County

The law related to *Monell* claims and Section 1983 was discussed in the September

Order and will not be restated herein. *See* Dkt. No. 9 at 8-9. In the September Order, the Court dismissed plaintiff's claims against Clinton County holding that, "[t]he Complaint lacks any facts plausibly suggesting that Clinton County created or enforced a policy of unconstitutional acts or knew of and disregarded any unconstitutional acts perpetrated by any individual." *See id.*

Despite being given the opportunity to amend the Complaint, plaintiff has failed to cure the deficiencies in this claim. For the reasons set forth in the September Order, plaintiff's claims against Clinton County are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### C.     Eleventh Amendment

In the Amended Complaint, plaintiff seeks an award of money damages against Faro, Liberty, Schroyer, and Finnel in their official capacities. *See* Am. Compl. at 1-2. The Court discussed the law pertaining to the Eleventh Amendment in the September Order. *See* Dkt. No. 9 at 7-8. For the reasons set forth in the September Order, plaintiff's claims against defendants in their official capacities are dismissed with prejudice.[4]

### D.     Unsigned Amended Complaint

All pleadings must be signed by the party if the party is not represented by an attorney. Fed. R. Civ. P. 11(a). Plaintiff's Amended Complaint is unsigned. Therefore, plaintiff will be permitted thirty days (30) from the filing date of this Decision and Order to submit a completed and signed certificate, using the certificate form included with this Decision and Order, certifying that plaintiff's signature on the certificate shall serve as an

---

[4] Faro was not sued in his individual capacity. *See* Am. Compl. at 1.

8

original signature on his Amended Complaint for purposes of the Local Rules and Rule 11 of the Federal Rules of Civil Procedure.

## VI. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 16) is accepted for filing; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) claims against Clinton County; and (2) claims against Faro; and it is further

**ORDERED** that the Fourteenth Amendment claims against Finnel, Liberty, and Schroyer survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that, upon receipt from plaintiff of the signed certificate verifying that plaintiff's signature on the certificate shall serve as an original signature on his Amended Complaint, the Clerk is directed to: (i) file the Amended Complaint in this action together with the supporting Exhibits (Dkt. No. 16-1) as the operative pleading; (ii) revise the docket to add Scott Liberty, RPA, Glenn Schroyer, MD, and Shannon Finnel, RN, substitute Sheriff David N. Faro for Clinton County Sheriff, and terminate Clinton County, Clinton County Jail, and Faro as defendants; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the remaining

defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the County Attorney of Clinton County, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the remaining defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order and Rule 11 affidavit on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

January 24, 2018
Albany, New York

*Gary L. Sharpe*
U.S. District Judge