**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARTIN PETER MAYER,

                Plaintiff,                No. 9:17-CV-905
                                                      (GLS/CFH)

     v.

CLINTON COUNTY, et al.,

                Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

Martin Peter Mayer
50 Wyoming Avenue
Buffalo, New York 14215
Plaintiff pro se

Johnson & Laws, LLC                    APRIL J. LAWS, ESQ.
648 Plank Road, Suite 204             COREY A. RUGGIERO, ESQ.
Clifton Park, New York 12020          GREGG T. JOHNSON, ESQ.
Attorneys for defendant Shannon Finnel   LORAINE CLARE JELINEK, ESQ.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Martin Peter Mayer, a former pretrial detainee who was, at all relevant times, in the custody of the Clinton County Correctional Facility ("Clinton County C.F."), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants RPA Scott Liberty, Doctor ("Dr.") Glenn Schroyer, and Registered Nurse ("R.N.") Shannon Finnel – who, at all relevant times, were employed at Clinton County C.F. —

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

violated his constitutional rights under the Fourteenth Amendment. Dkt. No. 21 ("Am. Compl."). Presently pending before the Court are defendant Shannon Finnel's Motions to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. Nos. 45, 46.[2] For the following reasons, it is recommended that defendant's motions be denied.

## I. Background

Plaintiff commenced this action in the Western District of New York on July 18, 2017 while incarcerated at Buffalo Federal Detention Center. See Dkt. No. 1. On August 17, 2017, the Western District transferred the action to the Northern District of New York. Dkt. No. 3. On September 5, 2017, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). Dkt. No. 6. On September 27, 2017, the Court granted plaintiff's IFP application, and dismissed plaintiff's claims for monetary damages against Clinton County C.F. and the Clinton County Sheriff, in his official capacity, with prejudice, and all other remaining claims without prejudice. Dkt. No. 9. The Court instructed plaintiff that, if he wished to proceed with this action, he must file an Amended Complaint. See id. On October 12, 2017, plaintiff filed an amended complaint. Dkt. No. 10. On January 24, 2018, the Court ordered that plaintiff's claims against Clinton County and defendant Faro be dismissed, and plaintiff's Fourteenth

---

[2] On January 11, 2019, defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 45. On January 30, 2019, defendant submitted a letter motion arguing that because plaintiff failed to respond to the motion by the January 25, 2019 deadline, the motion should be granted in its entirety and the action dismissed as to any claims against her. Dkt. No. 46.

Amendment claims against defendants Finnel; Liberty; and Schroyer survive sua sponte review. Dkt. No. 19; see Dkt. No. 21 ("Am. Compl."). In the January 24, 2018 Decision and Order, the Court stated: "Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action." Dkt. No. 19 at 10. On April 26, 2018, plaintiff notified the Court of his change in address. Dkt. No. 29.

On May 1, 2018, the undersigned issued a Mandatory Pretrial Discovery and Scheduling, which set discovery and motion deadlines. Dkt. No. 30. The undersigned also directed plaintiff to produce specific categories of documents to defendant, and granted defendant leave to conduct a deposition of plaintiff. Id. at 1, 4. On August 14, 2018, defendant Finnel served plaintiff with a document entitled First Demand for the Production of Documents and Things, dated July 9, 2018. See Dkt. No. 45-2, Exhibit ("Ex."). A. On September 12, 2018, defendant Finnel sent plaintiff a letter requesting that he complete and sign a form authorizing the release of his health information so that she could obtain his records from the Clinton County Sheriff's Department. See Dkt. No. 45-3, Ex. B. On October 19, 2018, defendant Finnel served plaintiff a Notice of Deposition. See Dkt. No. 45-4, Ex. C. Defendant requested that plaintiff confirm his appearance at the deposition. See id. Defendant mailed the aforementioned documents to the address plaintiff provided in his April 26, 2018 Notice of Change of Address. See Dkt. No. 45-5 ("Def. Mem. of Law") at 6. Plaintiff did not respond to these discovery demands, and failed to communicate with defendant. See id. at 6-7.

On October 26, 2018, defendant filed a letter motion requesting that the

3

undersigned hold a conference to address plaintiff's failure to respond to the Mandatory Pretrial Discovery and Scheduling Order, demands for production of documents, and a letter requesting confirmation of a properly-noticed deposition. Dkt. No. 40 at 1. On November 8, 2018, the undersigned issued a Text Order scheduling a status conference for November 27, 2018. Dkt. No. 41. The undersigned directed both parties to appear in person, and advised plaintiff that if he should immediately inform the Court of he was unable to appear. Id. The undersigned also informed plaintiff that "failing to attend court Ordered conferences as directed and failing to notify the Court of any change in address may result in the dismissal of this case." Id. Plaintiff failed to appear at the November 27, 2018 conference, and did not otherwise contact the Court. See Text Min. Entry dated Nov. 27, 2018; Def. Mem. of Law at 7. That same day, the undersigned set a briefing schedule for defendant to file a Motion to Dismiss for failure to prosecute. Dkt. No. 42.

On January 11, 2019, defendant filed the pending motion. Dkt. No. 45. On January 30, 2019, defendant renewed her motion to dismiss after plaintiff failed to respond by the January 25, 2019 deadline. Dkt. No. 46. On February 25, 2019, the undersigned issued a Text Order indicating that it appeared that plaintiff had changed addresses. Dkt. No. 48; see Dkt. No. 47 (letter addressed to the Board of Immigration Appeal, but sent to the Northern District, indicating that plaintiff resided at a different address). In light of plaintiff's pro se status, the Court granted him an extension of time until March 18, 2019 to file a response. Id. The undersigned noted that "[p]laintiff's failure to file any response to the motion may result in the motion being granted since

4

the court will not have the benefit of the plaintiff's response to consider in making its decision." Id.  On March 8, 2019, plaintiff filed a response.  Dkt. No. 49.

## II. Discussion[3]

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2(b).  Since a Rules 41(b) dismissal "is a harsh remedy" . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). Further, where the plaintiff is proceeding *pro se*, "courts should be especially hesitant to dismiss for procedural deficiencies . . ." Spencer v. Doe, 139 F.3d 107,112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a pro se litigant is entitled to 'special solicitude'; that a pro se litigant's submissions must be construed 'liberally'; and that such submissions must be read to raise the strongest arguments that they 'suggest.'"). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether the plaintiff was on notice that failure to comply

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

5

> with result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted).  "Generally, no one factor is dispositive."  Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted).  "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

Assessing the abovementioned factors, the undersigned finds that the first three factors weigh in favor of dismissal.  See Lucas, 84 F.3d at 535.  First, as to the duration of plaintiff's failure to comply, this factor weighs in favor of dismissal.  The record is clear that prior to his February 15, 2019 letter, plaintiff had failed to communicate with either defense counsel or the Court in over eight months.  See Def. Mem. of Law at 8; Dkt. No. 47.  Although there is no bright-line rule setting forth a duration of a plaintiff's failure to communicate that would warrant dismissal, courts have generally found eight months of no communication weighs in favor of dismissal.  See McNamee v. Schoharie Cnty. Jail, No. 06-CV-1364, 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008)

(recommending dismissal after the plaintiff failed to communicate for eight months); Nieves v. Mueller, No. 9:07-CV0003(LEK/GHL), 2008 WL 4663361, at *2 (N.D.N.Y. Oct. 20, 2008) (citing cases for the proposition that "[g]enerally, durations of this length in time — nine months — are sufficient to weigh in favor of dismissal."); see also Lee v. Graziano, No. 9:12-CV-1018 (FJS/CFH), 2014 WL 1393952, at *3 (N.D.N.Y. Apr. 9, 2014) (granting dismissal where the plaintiff failed to take any action in the case for over fourteen months); Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (granting dismissal where the plaintiff failed to communicate with the Court or the defendants for "more than six months."). Moreover, during that eight-month time period, plaintiff failed to serve documents pursuant to defendant's May 2018 discovery order, July 2018 Demand for the Production of Documents and Things, or authorizations for medical records, and failed to respond to defendant's Deposition Notice. See Def. Mem. of Law at 7. Thus, this factor weighs in favor of dismissal.

Second, as to whether plaintiff was on notice, Lucas, 84 F.3d at 535, this Court warned plaintiff on at least two occasions that failure to provide the Court with a current address "will result in the dismissal of his action." Dkt. No. 19 at 10; Dkt. No. 41 ("[F]ailing to attend court Ordered conferences as directed and failing to notify the Court of any change in address may result in the dismissal of this case."). Moreover, it is clear that plaintiff knew of his obligation to notify the Court of any change in address as he filed a prior notice advising the Court of such. Dkt. No. 29

Third, as to whether defendants will be prejudiced by further delay, Lucas, 84

7

F.3d at 535, it is clear that defendants' inability to depose plaintiff and collect necessary documents weighs in favor of dismissal as they have been denied access to necessary information needed to defend themselves in this action. See Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CIV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal).

However, the undersigned is mindful of plaintiff's pro se status, and notes that, after the Court became aware that plaintiff's address may have changed, the Clerk sua sponte granted plaintiff an extension of time to file opposition to defendant's motion. See Dkt. No. 48. In his opposition, plaintiff indicated that he is homeless with $0 in his bank account for over two years, and collects recyclables to pay for postage. Id. at 3. Plaintiff also informed the Court that the United States Immigration and Customs Enforcement ("ICE") retained his legal identification documents while he was in federal custody so he cannot work or obtain a library card to print his legal document. Id. at 3-4. Plaintiff indicates that he expects to receive his identification documents after May 20, 2019. Id. at 4-5.

Thus, in deference to plaintiff's status as a pro se litigant, and because plaintiff has since communicated with the Court, the undersigned concludes that, although a majority of the factors weigh in favor of dismissal, such dismissal would be an "extreme" sanction due to plaintiff's recent compliance. Spencer, 139 F.3d at 112.

The undersigned notes that defendant also moved to dismiss plaintiff's complaint

8

as to defendant Finnel on the grounds that (1) plaintiff failed to compl with the Court's May 2018 Discovery Order and November 8, 2018 text order pursuant to Fed. R. Civ. P. 41(b); and (2) failed to comply with the Court's May 2018 Discovery Order pursuant to Fed. R. Civ. P. 37(b)(2)(A).  See Def. Mem. of Law at 13-20.  Defendant acknowledges that, with respect to their argument for dismissal pursuant to Fed. R. Civ. P. 41(b), the legal standard is "very similar" to that governing dismissal for failure to prosecute.  Id. at 14.  Further, "[t]he imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used 'only in extreme situations.'"  Sanders v. Giannotta, No. 5:03-CV-1117 (LEK/GJD), 2007 WL 952059, at *2 (N.D.N.Y. Mar. 29, 2007) (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990), cert. denied, 499 U.S. 943 (1991).  Therefore, due to the similarity in legal standards, and in light of plaintiff's pro se status and explanation set forth in his opposition, the undersigned concludes that dismissal would also be an extreme sanction under Rules 41(b) and 37(b)(2)(A).

Accordingly, it is recommended that defendant's motion to dismiss for failure to prosecute be denied, with the opportunity to renew at any time should plaintiff fail to prosecute or comply with a court order.  Plaintiff is reminded of his strict obligation to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in address, and that his failure to do so or otherwise participate in this action may result in dismissal of his case.  See L.R. N.D.N.Y. 10.1(c)(1), 41.2(b).

9

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. Nos. 45, 46) be **DENIED** without prejudice to renew; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

**IT IS SO ORDERED**.

Dated: May 15, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).