UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARTIN PETER MAYER,

       Plaintiff,

       v.

CLINTON COUNTY, et al.,

       Defendants.

No. 9:17-CV-905
(GLS/CFH)

---

**APPEARANCES:**

Martin Peter Mayer
51 Richmond Avenue
Apartment AO
Buffalo, New York 14222
Plaintiff pro se

Johnson & Laws, LLC
648 Plank Road, Suite 204
Clifton Park, New York 12065
Attorneys for defendant Shannon Finnell

**OF COUNSEL:**

APRIL J. LAWS, ESQ.
COREY A. RUGGIERO, ESQ.
GREGG T. JOHNSON, ESQ.
LORRAINE CLARE JELINEK, ESQ.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Martin Peter Mayer ("plaintiff"), a former pretrial detainee who was, at all relevant times, in the custody of the Clinton County Correctional Facility ("Clinton County C.F."), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Registered Physician Assistant Scott Liberty ("Liberty"), Dr. Glenn Schroyer

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

1

("Schroyer"), and Registered Nurse Shannon Finnell[2] ("Finnell")—who, at all relevant times, were employed at Clinton County C.F.—violated his constitutional rights under the Fourteenth Amendment. See Dkt. No. 21. Presently pending before the Court are Finnell's renewed Motions to Dismiss pursuant to Rule 37(b), Rule 37(d), and Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as Local Rules 10.1(c)(2) and 41.2(b). See Dkt. Nos. 65, 66. For the following reasons, it is recommended that Finnell's motions be granted.

## I. Background

Plaintiff commenced this action in the Western District of New York on July 18, 2017, while incarcerated at Buffalo Federal Detention Center, located at 4250 Federal Drive, Buffalo, New York 14020. See Dkt. No. 1. On August 17, 2017, the Western District transferred the action to this Court. See Dkt. No. 3. On September 5, 2017, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 6. On September 27, 2017, Senior District Court Judge Gary L. Sharpe granted plaintiff's IFP application and dismissed plaintiff's claims for monetary damages against Clinton County C.F. and the Clinton County Sheriff, David N. Faro ("Faro"), in his official capacity, with prejudice, and all other remaining claims without prejudice. See Dkt. No. 9 at 13-15. The Court instructed plaintiff that, if he wished to proceed with this action, he must file an amended complaint. See id. On October 12, 2017, plaintiff filed an amended complaint. See Dkt. No. 10. The Court dismissed plaintiff's amended

---

[2] The correct spelling of this defendant's name is "Finnell," not "Finnel." See Dkt. No. 45 at 1 (noting that defendant's correct name is "Shannon Finnell," but that she was sued as "Shannon Finnel."). The Clerk of the Court is respectfully requested to modify the docket accordingly.

complaint for failure to state a claim and, again, ordered that if plaintiff wished to proceed in this action, he must file an amended complaint within 30 days of the Court's Decision and Order. See Dkt. No. 14 at 3. Plaintiff filed a second amended complaint on December 18, 2017. See Dkt. No. 16.

On January 24, 2018, upon review of plaintiff's second amended complaint (Dkt. No. 16), the Court dismissed plaintiff's claims against Clinton County and Faro pursuant to 28 U.S.C.§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and ordered that plaintiff's Fourteenth Amendment claims against defendants Finnell, Liberty, and Schroyer survived sua sponte review and required a response. See Dkt. No. 19 at 9. In the January 24, 2018 Decision and Order, the Court stated: "Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; [his] failure to do so will result in the dismissal of his action." Dkt. No. 19 at 10 (emphasis omitted). In addition, because plaintiff's second amended complaint was not signed, the Court granted him permission to submit a signed certificate verifying his signature within 30 days, see id. at 8-9, which he did, and his second amended complaint was re-filed on February 6, 2018. See Dkt. No. 21. On April 26, 2018, plaintiff notified the Court of his change in address from Buffalo Federal Detention Center to 221 Rapin Place, Buffalo, New York 14211. See Dkt. No. 29.

On May 1, 2018, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. See Dkt. No. 30. The undersigned also directed plaintiff to produce specific categories of documents to Finnell, and granted Finnell leave to conduct a deposition of plaintiff. See id. at 1, 4. On August 14, 2018, Finnell served plaintiff with a document entitled First Demand for

the Production of Documents and Things, dated July 9, 2018.  See Dkt. No. 45-2.  On September 12, 2018, Finnell sent plaintiff a letter requesting that he complete and sign a form authorizing the release of his health information so that she could obtain his records from the Clinton County Sheriff's Department.  See Dkt. No. 45-3.  On October 19, 2018, Finnell served plaintiff a Deposition Notice.  See Dkt. No. 45-4.  Finnell requested that plaintiff confirm his appearance at the deposition.  See id. at 2.  Finnell mailed the aforementioned documents to plaintiff's 221 Rapin Place address provided in his April 26, 2018 Notice of Change of Address.  See Dkt. No. 45-6.  Plaintiff did not respond to these discovery demands and failed to communicate with Finnell.  See Dkt. No. 45-5 at 6-7.

On October 26, 2018, Finnell filed a letter motion requesting that the undersigned hold a conference to address plaintiff's failure to respond to the Mandatory Pretrial Discovery and Scheduling Order, demands for production of documents, and a letter requesting confirmation of a properly-noticed deposition.  See Dkt. No. 40 at 1.  On November 8, 2018, the undersigned issued a Text Order scheduling a status conference for November 27, 2018.  See Dkt. No. 41.  The undersigned directed both parties to appear in person and advised plaintiff that he should immediately inform the Court if he was unable to appear.  See id.  The undersigned also informed plaintiff that "failing to attend court Ordered conferences as directed and failing to notify the Court of any change in address may result in the dismissal of this case."  Id.  Plaintiff failed to appear at the November 27, 2018 conference, and did not otherwise contact the Court.  See Text Min. Entry dated Nov. 27, 2018; Dkt. No. 45-5 at 7.  That same day, the

undersigned set a briefing schedule for Finnell to file a Motion to Dismiss for failure to prosecute. See Dkt. No. 42.

On January 11, 2019, Finnell filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the action or comply with Court orders or, in the alternative, pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with the Court's May 2018 discovery Order. See Dkt. Nos. 45; 45-5 at 8-16, 17-20. On January 30, 2019, Finnell renewed her motion to dismiss after plaintiff failed to respond by the January 25, 2019 deadline. See Dkt. No. 46. On February 25, 2019, the undersigned issued a Text Order indicating that it appeared that plaintiff had changed addresses. See Dkt. No. 48; see also Dkt. No. 47 (letter addressed to the Board of Immigration Appeal, but sent to the Northern District, indicating that plaintiff resided at 50 Wyoming Ave, Buffalo, New York 14215). In light of plaintiff's pro se status, the Court granted him an extension of time until March 18, 2019, to file a response. See Dkt. No. 48. The undersigned noted that "[p]laintiff's failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of the plaintiff's response to consider in making its decision." Id. On March 8, 2019, plaintiff filed a response. See Dkt. No. 49.

In April 2019, the undersigned issued a Report-Recommendation & Order recommending that, in light of plaintiff's pro se status, Finnell's motion to dismiss be denied without prejudice to renew. See Dkt. No. 50 at 8-10. On June 6, 2019, plaintiff filed objections to the April 2019 Report-Recommendation & Order by letter with a return address of 51 Richmond Ave, Buffalo, New York 14222. See Dkt. No. 52. On July 18, 2019, the Court sent notice of a telephone conference to the parties to be held

on August 1, 2019.  See Dkt. No. 53.  The Court mailed the notice to plaintiff's 50 Wyoming Ave, Buffalo, New York 14125 address.  See Dkt. No. 57.  Plaintiff did not appear for that conference and Finnell was given permission to renew her motion to dismiss.  See Text Min. Entry dated August 1, 2019.  Thereafter, the Court set a briefing schedule for Finnell's renewed motion to dismiss in which plaintiff was directed to respond to the motion by September 25, 2019, and the Court warned plaintiff that his "failure to respond, abide by Court Orders and failing to attend Court Ordered conferences may result in sanctions to include dismissal of this action."  Dkt. No. 54.

On August 15, 2019, the Court received a letter from plaintiff that listed his current address as 51 Richmond Ave, Apt. AO, Buffalo, New York 14222; indicated that he received the Court's July 18, 2019 notice of conference, which he referred to as the "Minute Entry filed on [August 1, 2019]"; and stated that he was currently homeless and awaiting his pending immigration hearing.  Dkt. No. 55 at 1 (internal quotation marks omitted); see id. at 2, 4, 5.  Plaintiff explained that he was unable to afford, among other things, to obtain print outs of his "Clinton County medical records again" and that he had sent "all documents [he] had to [the] Court."  Id. at 4.  On August 19, 2019, the Court gave the parties notice of a teleconference scheduled for August 22, 2019.  See Dkt. No. 56.  On August 21, 2019, the Court's July 18, 2019 notice of conference, which was sent to plaintiff's 50 Wyoming Ave address, was returned to the Court marked "not deliverable."  Dkt. No. 57 at 1 (capitalization omitted).

On August 22, 2019, plaintiff appeared via telephone for a status conference in which the Court inquired as to the status of plaintiff's immigration proceedings, his ability to respond to discovery and travel to Albany for deposition and, if necessary, trial.  See

Text Min. Entry dated August 22, 2019.  Plaintiff advised the Court that his immigration hearing was scheduled for September 10, 2019.  See id.  The Court then directed Finnell to again provide plaintiff with her discovery demands at "the address now confirmed as plaintiff's residence."  Id.  On August 23, 2019, the Court issued a Text Order extending the discovery deadline to December 31, 2019, and the motion deadline to February 10, 2020, and "strongly reminded [plaintiff] that failure to abide by Court Orders, to attend court directed conferences, or to respond to [d]iscovery demands can result in sanctions that may include dismissal of [the] case."  Dkt. No. 58.  On August 26, 2019, Finnell then sent a Deposition Notice to plaintiff's 51 Richmond Ave address; however, the notice was returned as undeliverable.  See Dkt. No. 65-5 at 7-8.  On September 10, 2019, Senior District Court Judge Gary L. Sharpe adopted the undersigned's April 2019 Report-Recommendation & Order in its entirety.  See Dkt. No. 59.

  On September 11, 2019, plaintiff sent a letter to the Court in response to Finnell's discovery requests in which he acknowledged the receipt of Finnell's requests, but stated that he was unable to comply due to being homeless and without funds to pay for the fees associated with obtaining the pertinent documents.  See Dkt. No. 60 at 2-3.  Thereafter, plaintiff did not communicate with the Court for a period of nearly three months, until he sent a letter to the Court on December 9, 2019, requesting a jury trial.  See Dkt. No. 61.  Finnell then filed a letter motion requesting the Court to schedule a conference "to address [p]laintiff's continu[ed] refusal to comply with discovery and Court Orders," Dkt. No. 62 at 1, which the Court granted and scheduled for December 27, 2019.  See Dkt. No. 63.

On January 10, 2020, the Court issued a Text Order that instructed Finnell to file her motion to dismiss by February 21, 2020, and directed plaintiff to respond by March 12, 2020.  See Dkt. No. 64.  On February 21, 2020, Finnell filed her renewed motion to dismiss for failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b), failure to comply with this Court's May 2018 discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(a), failure to appear for deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A), and failure to provide this Court with an updated address pursuant to Fed. R. Civ. P. 42(b) and N.D.N.Y. L.R.10.1(c)(2) and 41.2(b).  See generally Dkt. No. 65. Plaintiff did not file a response.  On March 18, 2020, following the expiration of plaintiff's response deadline, Finnell filed a letter motion requesting dismissal of the action due to plaintiff's lack of response to her renewed motion to dismiss.  See Dkt. No. 66.

## II. Discussion[3]

First, Finnell moves to dismiss the amended complaint for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b).  See Dkt. No. 65-5.  Finnell acknowledges, by reference to her first motion to dismiss, that the legal standard governing dismissal for failure to prosecute is very similar to the legal standard governing dismissal for failure to comply with a court order.  See Dkt. No. 65-5 at 13; Dkt. No. 45-5 at 14.  Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ."  FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir.

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

2014); see also N.D.N.Y. L.R. 41.2 (requiring dismissal when "it appears that the plaintiff has failed to prosecute an action . . . ."). Since a Rule 41(b) dismissal "is a harsh remedy[, it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). "Further, where a plaintiff is proceeding pro se, 'courts should be especially hesitant to dismiss for procedural deficiencies . . . .'" Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *2 (N.D.N.Y. Apr. 11, 2016) (quoting Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998)), report and recommendation adopted, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2858857 (N.D.N.Y. May 16, 2016). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but

may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

After assessing the Lucas factors, the undersigned concludes that dismissal is appropriate. First, the duration of plaintiff's failure to comply with Court orders weighs in favor of dismissal. Prior to plaintiff's letter dated February 15, 2019, plaintiff had not been in contact with Finnell or the Court for a period over eight months. See Dkt. Nos. 45-5 at 8, 47. In that time, plaintiff failed to serve documents pursuant to the Court's May 2018 discovery Order or Finnell's July 2018 Demand for the Production of Documents and Things, did not obtain authorizations for medical records, and failed to respond to Finnell's Deposition Notice. See Dkt. Nos. 30, 45-5 at 7. Plaintiff filed a response to Finnell's January 2019 motion to dismiss and filed objections to the undersigned's Report-Recommendation and Order in March and June 2019, respectively. See Dkt. Nos. 49, 52. However, plaintiff failed to appear for a court-ordered conference on August 11, 2019. See Dkt. No. 54.

Although plaintiff notified this Court of a change in his address to 51 Richmond Ave on August 15, 2019; appeared for a Court ordered teleconference on August 22, 2019; and sent a letter regarding the outstanding discovery requests on September 11, 2019, plaintiff then did not contact this Court for nearly three months. See Dkt. Nos. 58, 60; Text Min. Entry dated Aug. 22, 2019. Following this period of inactivity, plaintiff filed a letter motion on December 9, 2019, and appeared for a Court ordered conference on January 9, 2020. See Dkt. No. 61; Text Min. Entry dated Jan. 9, 2020. However, he has not been in contact with this Court or Finnell since that date—a period of over six months—and has not opposed Finnell's renewed motion to dismiss. See Dkt. No. 61;

Text Min. Entry dated Jan. 9, 2020. Additionally, plaintiff still has not resolved the outstanding discovery requests or responded to Finnell's second Deposition Notice. See Dkt. No. 45-5 at 7-8.

Plaintiff's failure to communicate with this Court for the last six months, appear for conferences, or respond to Finnell's renewed motion to dismiss weighs in favor of dismissal. See Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (finding that the plaintiff's failure to communicate with the court or the defendant for "more than six months" weighed in favor of dismissal), report and recommendation adopted, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1332503 (N.D.N.Y. Apr. 6, 2010); Hartley v. Devlin, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4087976, at *2 (N.D.N.Y. July 30, 2018) (holding that no communication for a period of five months weighed in favor of dismissal when the plaintiff failed to appear for two conferences and failed to respond to the defendant's second motion to dismiss after the plaintiff had previously not been in communication for a period of four months), report and recommendation adopted, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4078267 (N.D.N.Y. Aug. 27, 2018); see also N.D.N.Y. L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Plaintiff's failure to resolve the outstanding discovery issues also weighs in favor of dismissal. See Perez, 2016 WL 2865737, at *3 (holding that plaintiff's failure to participate in discovery for over a year weighed in favor of dismissal).

Second, regarding whether plaintiff was on notice that his failure to comply could result in dismissal, this Court notified him on at least three occasions that his failure to attend court ordered conferences or to notify the Court of any changes in address could

11

result in dismissal of his case. See Dkt. Nos. 19, 41, 50. On at least three separate occasions, this Court also notified plaintiff that his failure to participate in this action could result in the dismissal of his case. See Dkt. Nos. 50, 54, 58. Thus, plaintiff was on notice that failing to comply with court orders or otherwise participate in this action could result in dismissal. See Hartley, 2018 WL 4087976, at *2 (finding that the plaintiff had sufficient notice to justify dismissal for failure to prosecute where he "was advised on at least four occasions that the failure to comply with Court rules or to attend Court conferences may result in the dismissal of [his] action.").

Third, with respect to whether Finnell is likely to be prejudiced by further delays in the proceedings, Finnell's inability to depose plaintiff or collect necessary documents to defend herself in this matter weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). Fourth, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez, 2016 WL 2865737, at *3. Fifth, with regard to whether lesser sanctions than dismissal would be appropriate, the Court is aware that dismissal is a harsh remedy, especially when the plaintiff is pro se. See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). However, the undersigned concludes that lesser sanctions would have no effect on plaintiff or this litigation—which has been

pending since July 2017.  See Perez, 2016 WL 2865737, at *3 (finding that lesser sanctions would have no effect on litigation that had been pending for 13 months).

Finnell also moves to dismiss pursuant to Local Rules 10.1(c)(2) and 41.2(b) for plaintiff's failure to provide this Court with an updated address.  See Dkt. No. 65-5 at 19. "All . . . pro se litigants must immediately notify the Court of any [c]hange of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).  "Failure to notify the Court of a change of address in accordance with [N.D.N.Y.] L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).  The undersigned concludes that plaintiff's failure to keep his address current with the Court weighs in favor of dismissal.  See Benitez v. Taylor, No. 9:13-CV-1404 (TJM/TWD), 2014 WL 7151607, at * 2-3 (N.D.N.Y. Dec. 13, 2014) (holding that the plaintiff's failure to prosecute and to inform the court of any changes in address weighed in favor of dismissal).

Alternatively, Finnell moves to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with this Court's May 2018 discovery Order.  Rule 37(b)(2)(A)(v) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[, including] dismissing the action or proceeding in whole or in part."

> Courts must consider the following relevant factors when determining whether dismissal is appropriate under Fed. R. Civ. P. 37(b): "[1] the willfulness of the non-compliant party [and] the reason for the non-compliance; [2] the efficacy of lesser sanctions; [3] the duration of the period of non-compliance; and [4] whether the non-compliant party has been warned of the consequences of non-compliance."

Heendeniya v. St. Joseph's Hosp. Health Ctr., No. 5:15-CV-1238 (GTS/TWD), 2018 WL 5297806 (GTS/TWD), at *2 (N.D.N.Y. Oct. 25, 2018) (quoting Agiwal v. Mid Island

Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). "Notably, in order to impose the extreme sanction of dismissal, the court must find 'willfulness, bad faith, or [] fault on the part of' the individual from who discovery is sought." Id. (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 758, 764 (2d Cir. 1990) (additional citation omitted)).

As to the willfulness of plaintiff's failure to comply with discovery, the undersigned concludes that this factor weighs in favor of dismissal. The Court instructed plaintiff that failing to abide by Court Orders or respond to discovery demands could result in dismissal of his case on at least three occasions. See Dkt. Nos. 50, 54, 58. Despite these warnings, plaintiff has not served any of the documents Finnell requested in the two years since her initial requests were made. Although plaintiff has indicated that he was homeless and could not obtain the documents, he stated that he would "actively approach the [document-holding] entities again for document copies." Dkt. No. 60 at 3. However, plaintiff still has not complied, nor offered any further explanation for his inability to do so for a period of over six months. See Dkt. No. 65-5 at 22. Therefore, this factor weighs in favor of dismissal. See Heendeniya, 2018 WL 5297806, at *5 (holding that the plaintiff's failure to participate in discovery without explanation weighed in favor of dismissal). Concerning the remaining three factors, as discussed in detail above, the undersigned concludes that (1) lesser sanctions would have no effect on plaintiff or this litigation, (2) plaintiff's failure to participate in discovery weighs in favor of dismissal, and (3) plaintiff had sufficient notice that his failure to participate in discovery could lead to dismissal of his action. See supra, pp. 10-11.

As a final matter, Finnell also argues that the amended complaint must be dismissed due to plaintiff's failure to appear for his deposition pursuant to Fed. R. Civ.

P. 37(d)(1)(A).  A court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition."  FED. R. CIV. P. 37(d)(1)(A)(i).  "Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate." Ruffin v. Mack, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926275, at *3 (N.D.N.Y. Apr. 9, 2018) (citing S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (additional citations omitted)), report and recommendation adopted, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926278 (N.D.N.Y. June 8, 2018).  "[H]owever, discovery orders are meant to be followed; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party."  Ruffin, 2018 WL 2926275, at *3 (internal quotation marks and citations omitted).  "In deciding an appropriate sanction, 'the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of noncompliance.'"  Id. (quoting Broad. Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012)) (alterations in original).

> "The goals of sanctions are to 'ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . .'"

Id. (quoting Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (alterations in original).  Here, Finnell served plaintiff with a proper Deposition Notice. See Dkt. No. 45-4.  However, as stated above, plaintiff failed to confirm his appearance

for his deposition, failed to attend his deposition, and has offered no valid reason for doing so.  See Dkt. No. 65-5 at 25.  Thus, in light of plaintiff's repeated failure to participate in this litigation or comply with discovery orders, and the Court's repeated warnings that continuing this course of action could result in dismissal, the undersigned concludes that plaintiff's failure to attend his deposition weighs in favor of dismissal.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the defendant Finnell's motions (Dkt. Nos. 65, 66) be **GRANTED** in their entirety; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 21) be **DISMISSED** with prejudice insofar as asserted against defendant Finnell; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a

**IT IS SO ORDERED**.

Dated: August 7, 2020
      Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).